682 A.2d 484 (1996)
SECRETARY, AGENCY OF NATURAL RESOURCES
v.
Terrence and Camille SHORT.
No. 94-091.
Supreme Court of Vermont.
July 5, 1996.
Jeffrey L. Amestoy, Attorney General, and David M. Rocchio, Assistant Attorney General, Montpelier, for plaintiff-appellant.
William E. Dakin, Jr. of Dakin & Benelli, P.C., Chester, for defendants-appellees.
Before: ALLEN, C.J., and GIBSON, DOOLEY, MORSE and JOHNSON, JJ.
JOHNSON, Justice.
The Agency of Natural Resources ("Agency") appeals from a decision of the Environmental Law Division ("ELD") involving Environmental Board Rule 2(A)(6), commonly known as the "Road Rule." The ELD held that construction of a shared access road, over a thousand feet in length, did not trigger Act 250 jurisdiction because part of the road was a shared driveway, and not a "road" for purposes of the Road Rule. We affirm.
Defendants Terrence and Camille Short obtained local approval for a four-lot subdivision of the property in 1989, and sold two of the four lots. In 1990, the Shorts inquired of the District 2 Environmental Commission regarding further subdivision of one of the remaining lots into three lots. The Assistant District Coordinator issued a project review sheet stating that a land use permit under Act 250 would not be required for this subdivision, because fewer than six lots would be created and not more than 800 feet of road would be improved.
Nonetheless, the District Commission and the Environmental Board concluded that the Shorts had constructed more than 800 feet of road and, based on the Road Rule, asserted Act 250 jurisdiction over the project. The Road Rule regulates:
[t]he construction of improvements for a road or roads incidental to the sale or lease of land, to provide access to or within a tract of land of more than one acre owned *485 or controlled by a person.... For the purposes of determining jurisdiction, any parcel of land which will be provided access by the road is land involved in the construction of the road. This jurisdiction shall not apply unless the road is to provide access to more than five parcels or is to be more than 800 feet in length. For the purpose of determining the length of a road, the length of all other roads within the tract of land constructed within any continuous period of ten years commencing after the effective date of this rule shall be included.
Environmental Board Rule 2(A)(6). The only issue in this case is whether the last part of the road built by the Shorts is in fact a "road" and should be counted in determining Act 250 jurisdiction.

I.
We rely on the facts as found by the ELD. Of the six lots involved in this project, the Shorts still own lots three and six. Their house is located on lot three, and lot six is undeveloped except for a septic field. All of the lots are served by a stretch of road that is divided into three sections for Act 250 purposes. The first section, 477 feet in length, existed and provided access to lot one before the Shorts developed the subdivision. It has not been improved or maintained by them, and is not considered in determining jurisdiction.
The Shorts did build sections two and three of the road. Section two, sometimes called Terry Street, is 730 feet long and was built to the standards of the town road specifications, if not better. All six lots have some frontage on this section of the road. The Shorts do not dispute that section two of the road must be considered in determining Act 250 jurisdiction. As this section of the road is less than 800 feet long and provides access to only five lots, however, section two by itself does not trigger Act 250 jurisdiction under the Road Rule.
The focus of this case, then, is whether section three, which is 286 feet long and extends from the cul-de-sac at the end of section two, should be considered a road in determining Act 250 jurisdiction. Section three serpentines across lots five and six, and then forks, granting access to lots five and six. The right fork is a private driveway leading to the house on lot five. The left fork is a grassy path that leads onto lot six. This path was used for construction equipment when the septic field on lot six was installed. This section of the road is not built to the town road standards; rather, the ELD found, based on width, depth, lack of ditching and general appearance, that section three "was constructed to a standard normally associated with a residential driveway in a rural setting." Although section three is presently used only by the residents of lot five, it could also serve a house on lot six should one be built.

II.
The ELD characterized section three as a driveway based solely on its finding that section three was built to a standard normally associated with a residential driveway. The court relied on an Environmental Board decision, In re Spencer, No. 1R0576-1-EB (Vt.Envtl.Bd. Mar. 10, 1987). In Spencer, the Board concluded that the construction of a road "was not merely to provide access to a single house, but was for the commercial purpose of selling lots." Id., at 4. The Board continued, noting that:
[h]ad the road been constructed only on the [applicant's] property, had it provided access to only a single residence, or had it been constructed to a standard normally associated with a residential driveway, we might have concluded that the road was exempt as a residential project.
Id. The ELD apparently construed this passage as a three-prong test; if the road in question met any one of the prongs, it would be deemed a driveway, rather than a road. Although noting that section three was built on and provided access to two lots, and thus failed the first two prongs, the ELD concluded, based on the third prong, that section three was in fact a driveway.
The Agency argues that the ELD misapplied what was essentially dicta in Spencer. We agree that the ELD took this passage out of context; the Board merely *486 listed several factors that "might" have led to a different conclusion, and in no way formulated a definitive test. The Board's actual holding was based on "the facts presented by the Applicants and observed during the site visit," id., suggesting that this kind of decision is inherently fact-bound and difficult to reduce to a straightforward test. The ELD's analysis is also inconsistent with our decision in In re Rusin, 162 Vt. 185, 190, 643 A.2d 1209, 1212 (1994), where we recognized that "a reasonable measure of discretion inheres in the determination of what qualifies as a road." In Rusin, we affirmed the Environmental Board's conclusion that a 480-foot roadway leading from a cul-de-sac to a single lot should be counted in determining Act 250 jurisdiction. Id.
Moreover, we agree with the Agency that the test employed by the ELD would encourage developers to avoid Act 250 jurisdiction by building substandard access roads and characterizing them as "shared driveways." Following the ELD's analysis, a road well over 800 feet in length and providing access to several houses would not trigger Act 250 jurisdiction, as long as the road was poorly built. We can see no benefit in encouraging the construction of more substandard roads in the state. Such a result would also contravene the public policy behind the Road Rule, as "land involved in the construction of sizable roadsthat is, significant development projects," id., at 190, 643 A.2d at 1211would not be covered by Act 250.

III.
Although we reject the ELD's analysis, we nonetheless affirm its conclusion that section three should not be considered a road for purposes of the Road Rule. See Hudson v. Town of East Montpelier, 161 Vt. 168, 170, 638 A.2d 561, 563 (1993) (Court need not adopt trial court's rationale in affirming its conclusion). Based on the facts as found by the ELD, we agree that section three is a shared driveway, rather than a road.
The Agency maintains that a driveway providing access to more than one dwelling should be deemed a road, thus mandating that any shared driveway be included in the Road Rule calculus. It is not apparent that the Board has interpreted the Road Rule in this way, and we are not persuaded that such a rigid approach is necessary to serve the purposes of Act 250. A shared driveway may have a lesser environmental impact than two individual driveways; as the rule proposed by the Agency would lessen the incentive for building shared driveways, the perverse result might be that developers would build more roads. We hold to our statement in Rusin that outcomes in these cases are "not preordained by an inflexible definition of `road' or `driveway,'" but instead involve the exercise of "a reasonable measure of discretion." Rusin, 162 Vt. at 190, 643 A.2d at 1211-12.
In this case, the factual context supports the ELD's conclusion. As already mentioned, section two of the road ends in a cul-de-sac, on which both of the lots served by section three have frontage. One option open to the Shorts was to build two individual driveways, but they instead chose to build a single shared driveway, presumably lessening the impact of the project. The shared driveway leads to only two lots, and the 286-foot stretch is substantially shorter than, for example, the 480-foot road at issue in Rusin, or the 1500-foot road considered by the Board in Spencer. Finally, the deed for lot five refers to section three as a "common driveway" serving lots five and six. Under these circumstances, we agree with the ELD that section three is a driveway, not a road, and does not trigger Act 250 jurisdiction under the Road Rule.
Affirmed.