```
                     Environmental Court of Vermont
                            State of Vermont

==============================================================================
                    E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================
```

In re: Edward E. Buttolph Revocable Trust          Docket No. 19-2-09 Vtec
        (Appeal from Act 250 District Commission denial of abandonment petition)

Title:        Motion to Alter

Filed:        October 13, 2009

Filed By:     John H. Hasen, Attorney for Appellee Land Use Panel of the Vermont
              Natural Resources Board

Response:     In opposition, filed on October 26, 2009, by Donald R. Powers,
              Attorney for Applicant-Appellant Edward E. Buttolph Revocable Trust


___ Granted                 _X_ Denied                 ___ Other


       The Land Use Panel of the Vermont Natural Resources Board ("NRB") has
requested that this Court alter its Decision of October 1, 2009, granting
Applicant-Appellant summary judgment upon its Act 250 abandonment petition.
For the reasons detailed below, we DENY Appellee's motion to alter that prior
judgment.

       On May 6, 1999, Appellants applied for Act 250 approval of a twelve-lot
subdivision.  While the District Commission was considering Appellant's initial
Act 250 application, Appellants caused improvements to be made to Town Highway
44 ("TH #44").  The road improvements were made in the hope of securing an Act
250 permit for Appellant's proposed multi-lot subdivision, but the District
Commission denied Appellant's initial Act 250 permit application.  After
proposing in 2001 to complete further road improvements to TH #44, Appellant's
revised application was also denied.  As a result, Appellant did not obtain
Act 250 approval until a third application was submitted in 2003.

       Since its initial Act 250 application was denied in 2000, Appellant has
not caused any construction or improvements on either the approved subdivision
or TH #44.  In February 2007, Appellant petitioned to have its 2003 Act 250
permit declared abandoned, due to non-use.  This Court granted that petition by
entry of summary judgment on October 1, 2009.  It is that Decision that the NRB
now seeks to convince this Court to alter.

       A motion to reconsider under Vermont Rule of Civil Procedure 59(e) gives
a trial court the opportunity "to respond to an intervening change in
controlling law, the availability of new evidence not previously available, or
the need to correct a clear error of law or to prevent manifest injustice."
Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt.
Envtl. Ct. Dec. 11, 2006) (Durkin, J.).  Rule 59(e) provides an "extraordinary
remedy that should be used sparingly."  Id.  It should "not be used to
relitigate old matters, or raise arguments or present evidence that [was or]
could have been raised prior to entry of the judgment."  Id.  Granting relief
is within the trial court's discretion; motions to reconsider are typically
denied.  Id.

An Act 250 permit is abandoned if it is not "used" for a period of three years after issuance. 10 V.S.A. §6091(b). A permit is considered "used" if the permittee has made "substantial progress toward completion" of construction. Id. Act 250 Rule 38(A) provides that "any person who was a party to the application proceedings" may petition the applicable district commission "to declare a permit void for non-use." Act 250 Rule 38(A)(1).

In its motion to reconsider, Appellee repeats its contention that Appellant does not enjoy a right to petition for abandonment under Rule 38(A). We rejected this argument in our October 1, 2009 Decision. Even though the NRB has presented no new legal arguments and therefore has failed to fulfill its obligation under V.R.C.P. 59(e), we have again reviewed the applicable Rule and case law. Our subsequent review has not presented any support for NRB's interpretation of Act 250 Rule 38(A). In particular, we cannot discern how a permittee can be stripped of the right to petition for abandonment, when the Rule clearly provides that "any person who was a party to the application proceedings" has such a right. The NRB has provided no legal foundation for its claim, leaving us to wonder how an applicant can be stripped of a right enjoyed by all other parties to an Act 250 permit proceeding. We decline NRB's invitation to alter the October 1st Decision, since no legal support has been presented for such an alteration.

NRB also takes issue with this Court's "unfortunate" decision to not "address" the Supreme Court decision in In re Rusin, 162 Vt. 185 (1994), even though the NRB had "directed" this Court to the Rusin decision. Our decision to not rely upon Rusin was purposeful because the facts in Rusin are inapposite to the case at bar. We are not aware of a trial court's obligation to address all case law that a party cites, only that which may guide its decision. Nonetheless, in light of NRB's repeated protestations, a brief review of Rusin has become appropriate.

In Rusin, after the applicant obtained an Act 250 permit, he commenced construction on his subdivided property, including completely constructing over 1,100 feet of roadway, clearing land, constructing two ponds, and completely constructing his own residence. Id. at 187, 191. After completing all this work, Mr. Rusin petitioned for abandonment, arguing that "he never used the permit" because the construction ultimately performed departed from the original plan, such that Act 250 jurisdiction would not have attached to his "as built" project. Id. at 191. The Supreme Court rejected this argument, holding that petitioner had "used" his permit after its issuance by relying on it for the authority to commence and complete the construction actually performed. Id. In affirming the former Environmental Board's denial of Mr. Rusin's "voluntary" abandonment petition, the Supreme Court referenced the language of Rule 38(A), holding that where "construction significant in light of the project contemplated" had been completed, abandonment of an Act 250 permit has not occurred. Id.

None of the facts that led the Supreme Court to affirm the denial of an abandonment petition in Rusin appear in the record before us in this appeal. The legal standard from Rusin is a repetition of the standard established in Act 250 Rule 38(A): that an abandonment petition, including a "voluntary" one filed by a permittee, may not be granted where the permittee has taken "significant steps to realize his project." Id. It was clear to the Supreme Court that the record before it in Rusin revealed that significant steps had been taken towards completion of the project envisioned by the Act 250 permit. To equate the insufficient, partial road improvements completed by Appellant here with the substantial construction completed in Rusin defies logic and reason.

The NRB correctly contends that an Act 250 permit is deemed to have been "used" when a permittee takes significant steps toward project completion, including substantial construction that occurs before an Act 250 permit is issued.  However, the NRB confuses the test employed to trigger Act 250 jurisdiction (i.e., a "substantial change" analysis) with the test employed in a petition for abandonment (i.e., a "substantial construction toward completion" of the project analysis).

Act 250 jurisdiction is triggered when construction results in a significant impact on the interests protected by Act 250; but a permit is deemed to have been "used" only when a project is substantially completed under the authority of a permit.  We know of no authority that links these two separate legal questions and cannot assume that actions that satisfy the jurisdictional analysis must always be deemed sufficient to argue against abandonment.  Ironically, were we to adopt the logic propounded by NRB, we could envision a permittee defending against a claim of abandonment by merely doing a little road work, thereby effecting an indefinite life to its Act 250 permit.  We cannot envision that such a result was intended when Rule 38(A) was crafted and cannot imagine that such an outcome is desired by NRB.

In the matter before this Court, Appellant triggered Act 250 jurisdiction by proposing a multi-lot subdivision of his property.  Since Appellant caused certain road improvements to be performed in 1999 solely for the purpose of supporting its proposed subdivision, those road improvements came under the jurisdictional authority of the District Commission considering Appellant's Act 250 application.  However, the jurisdictional authority over Appellant's past and future road improvements does not end our current abandonment analysis.  A jurisdictional analysis does not equate to an abandonment analysis; they are different processes.

The facts before us, even when viewed in the light most favorable to NRB, cannot support a legal conclusion that the 1999 road improvements evidenced "substantial progress toward completion" of the project contemplated under Appellant's Act 250 permit.  Our October 1st Decision remains the only logical legal conclusion, based on the record before us.  We must therefore DENY NRB's motion to alter our prior Decision.

_____          _____October 29, 2009_____
         Thomas S. Durkin, Judge                       Date
==============================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Donald R. Powers, Attorney for Appellant E.E. Buttolph Rev. Trust
    John H. Hasen, Attorney for Appellee Natural Resources Board/LU Panel
    Judith L. Dillon, Attorney for Agency of Natural Resources (FYI only)